**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMIE BADANISH, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:18-CV-351-TLS-APR |
| LAKE COUNTY GOVERNMENT, LAKE COUNTY SUPERIOR COURT, and THOMAS P. STEFANIAK, JR., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Lake County Superior Court and Thomas

P. Stefaniak, Jr.'s ("State Defendants") Motion to Dismiss [ECF No. 32], filed on February 8,

2019, Defendant Lake County Government's Motion to Dismiss Complaint [ECF No. 38], filed

on March 18, 2019, and State Defendants' Renewed Motion to Dismiss [ECF No. 42], filed on

April 5, 2019. For the reasons stated below, the Motions are DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are alleged in Plaintiff Badanish's Second Amended Complaint [ECF

No. 37], filed on March 11, 2019 ("Complaint"). The Plaintiff began working for the Defendants

at the Lake County Juvenile Detention Center ("the Center") in February 1987. Second Am.

Compl. ¶ 16, ECF No. 37. On October 17, 2014, the Plaintiff "was fired without cause, without a

hearing, without notice, and without any explanation, except the stated pretext that the Lake

County Juvenile Detention Center wanted to go in a 'new direction.'" *Id.* Despite the Center's

given explanation, no other employee was terminated. *Id.* at ¶ 17. Further, the Center exercised

no administrative steps to discipline the Plaintiff, such as providing a notice of deficiency and an opportunity to correct any unsuitable behavior. *Id.* at ¶ 18. The Plaintiff asserts that she "was in fact fired because of her gender and for appearing to be a lesbian, which she is." *Id.* at ¶ 17.

On November 18, 2014, the Plaintiff, in response to her termination, filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 19. The EEOC issued a right to sue letter on March 19, 2015. *Id.* Subsequently, the Plaintiff filed a federal discrimination lawsuit in this Court on July 9, 2015. *Id.*; *see also* Compl. & Demand for Jury Trial, *Badanish v. Lake County Juvenile Detention Center*, No. 4:15-CV-57, ECF No. 20–1. In October 2015, the Plaintiff and Lake County Government entered into a settlement agreement which, among other things, resulted in the reemployment of the Plaintiff in the position of Assistant Director of Detention. Second Am. Compl. ¶ 20; Settlement and Release Agreement, ECF No. 44–4.

On June 2, 2017, the Plaintiff was discharged by the Defendants for a second time. Second Am. Compl. ¶ 22. The Defendants' justification was that the Plaintiff viewed a security tape of a former employee being escorted out of the Center after that employee's discharge. *Id.* at ¶ 22. The Plaintiff mistakenly viewed the tape while she was reviewing security recordings of a resident who was considered a suicide risk, an action that fell within her employment duties. *Id.* at ¶ 24. The Plaintiff (along with two others who viewed the tape) was fired without notice or a hearing, despite the fact that Plaintiff had express authority to review security tapes and that no employee had been disciplined for similar conduct. *Id.* at ¶ 24–25. The Plaintiff contends that her termination was, in reality, for her sexual orientation and in retaliation for her earlier lawsuit filed in this Court. *Id.* at ¶ 23.

The Indiana Department of Workforce Development, after a full hearing, found that Plaintiff was dismissed "not for just cause." *Id.* at ¶ 28. On July 25, 2017, the Plaintiff, for a second time, filed a charge with the EEOC based on the Defendants' misconduct. *Id.* at ¶ 29. She received a right to sue letter on June 19, 2018. *Id.*; Dismissal & Notice of Rights, ECF No. 20–3.

On September 18, 2018, the Plaintiff filed a Complaint and Demand for Jury Trial [ECF No. 1] against the Center in this case. The Center filed a Motion to Dismiss for Failure to Join a Necessary Party to the Action [ECF No. 13], on November 6, 2018. Specifically, the Center alleged that the Superior Court of Lake County and the court's senior judge, Thomas P. Stefaniak, Jr., "are indispensable parties to this action" and "the Court must order that these entities be made parties." Mem. Supp. Mot. Dismiss ¶ 10, ECF No. 14. The Plaintiff, on November 20, 2018, filed a Response to Defendant's Motion to Dismiss [ECF No. 16], in which she explained that she had no objection to adding Lake County Superior Court and Thomas P. Stefaniak, Jr. as Defendants, but contended that the Center could not deny that it was the Plaintiff's employer due to its Answer in Plaintiff's 2015 discrimination case. Resp. of Pl. to Def.'s Mot. Dismiss 2–3, ECF No. 16. On the same day, the Plaintiff filed a Motion for Leave to File Amended Complaint to Add Additional Defendants [ECF No. 17]. In its December 14, 2018 Order [ECF No. 19], the Court granted the Plaintiff's Motion for Leave to File Amended Complaint to Add Additional Defendants [ECF No. 17] and ordered the Plaintiff to file an amended complaint. Dec. 14, 2018 Order 1, ECF No. 19. The Plaintiff filed a First Amended Complaint [ECF No. 20], naming Lake County Superior Court and Thomas P. Stefaniak, Jr. as Defendants ("State Defendants"). Am. Compl. 1, ECF No. 20.

The newly added State Defendants filed a Motion to Dismiss [ECF No. 32] on February 8, 2019. Among their arguments was that the Plaintiff was employed by the Center, rather than

the State Defendants. Br. Supp. State Defs.' Mot. Dismiss 10, ECF No. 33. On February 22,

2019, the Plaintiff filed a Response to the Motion to Dismiss of Defendants Lake County

Superior Court and Judge Thomas P. Stefaniak, Jr. (State Defendants) [ECF No. 35], in which

she seemingly agrees that the Government of Lake County is the correct defendant. Pl.'s Resp. to

Mot. Dismiss ¶ 6, ECF No. 35. In her response, the Plaintiff stated:

> Accordingly, together with this Response, Plaintiff and Defendant
> Center have filed a "Joint Motion to Amend Complaint by Interlineation"
> to remove the Center and name the Government of Lake County as the
> sole Defendant and thereby obviate the need for another round of formal
> amendments regarding the appropriate parties. This interlineation would
> result in the removal of LCJC and Judge Stefaniak with prejudice as
> Defendants but not require the Court to consider their assertions that
> Plaintiff fails to state a claim for relief on other bases. If the Court feels
> compelled to consider those claims Plaintiff would seek leave to response
> further to those matters.

*Id.* at ¶ 7.

On the same day, a Joint Motion to Amend Complaint by Interlineation [ECF No. 34]

was filed to further amend the complaint by renaming the Lake County Juvenile Detention

Center as Defendant Lake County Government. The Joint Motion did not call for the dismissal of

the State Defendants. In its March 4, 2019 Order [ECF No. 36], the Court granted the Joint

Motion to Amend Complaint by Interlineation and ordered the filing of an amended complaint

containing all amendments. Mar. 4, 2019 Order, ECF No. 36. The Plaintiff then filed her Second

Amended Complaint [ECF No. 37] on March 11, 2019.

On March 18, 2019, Defendant Lake County Government filed a Motion to Dismiss

Complaint [ECF No. 38]. The State Defendants. followed suit, filing a Renewed Motion to

Dismiss [ECF No. 42] on April 5, 2019. At this time, the pending motions are fully briefed and

ripe for the Court's ruling.

4

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (Citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, though a complaint need not contain detailed facts, surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because the purpose of a motion to dismiss "is to test the formal sufficiency of the statement of the claim for relief[,] the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.).

## ANALYSIS

The Plaintiff's Complaint asserts three causes of action against the Defendants. Specifically, the Plaintiff alleges a claim of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, a claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, and a common law defamation claim.

### A.     Plaintiff's Title VII Claims

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers subject to the Act to discriminate on the basis of a person's gender or sexual orientation. *Hively v. Ivy Tech Cmty. Coll.*, 853 F.3d 339, 343, 351–52 (7th Cir. 2017) (en banc). In addition, "Title VII's anti-retaliation provision makes it 'an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013) (quoting 42 U.S.C. § 2000e-3(a)). However, Title VII only affords protection to individuals from employers and agents of employers. *See id.* at 667–69. Further, "Title VII exempt[s] certain public officials from [its] protections." *Americanos v. Carter*, 74 F.3d 138, 143 (7th Cir. 1996).

Defendant Lake County Government argues that the Plaintiff's Complaint fails to meet the pleading requirements and, even if the pleading requirements are met, the Plaintiff cannot bring a Title VII lawsuit against it because Defendant Lake County Government is not the Plaintiff's employer under Title VII. The State Defendants also argue that they are not the

Plaintiff's employer under Title VII. In addition, the State Defendants argue that the Plaintiff is exempt from Title VII protections due to the nature of her employment.

### 1.      The Plaintiff Has Met the Pleading Standards for her Title VII Claim

Defendant Lake County Government argues that the Plaintiff has failed to meet the pleading requirements for her Title VII claims because she failed to make specific allegations concerning Defendant Lake County Government's direct conduct and its control over the hiring procedures.[1] By making this argument, Defendant Lake County Government attempts to hold the Plaintiff to a higher pleading standard than what is required for a Title VII claim.

The Seventh Circuit has repeatedly stressed the simplicity of pleading a Title VII discrimination claim, *see, e.g.*, *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) ("We have stated that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by 42 U.S.C. § 2000e–2 may allege the defendant's intent quite generally: 'I was turned down for a job because of my race' is all a complaint has to say." (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (internal quotation marks omitted))), and that "Title VII claims are not subject to a heightened pleading standard," *Carlson v. CSX Transp., Inc*., 758 F.3d 819, 827 (7th Cir. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002)). In *Carlson v. CSX Transportation, Inc*., the Seventh Circuit explained that "[a] complaint alleging sex discrimination under Title VII 'need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.'" 758 F.3d at 827 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). In the same case, the court further explained that "[p]leading a retaliation claim under Title VII requires

---

[1] Defendant Lake County Government also argues that the Plaintiff mistakenly relies on the Indiana Department of Workforce Development's lack of finding of "just cause" for her termination. The Court does not rely on the Indiana Department of Workforce Development's conclusions for the purposes of this Opinion and Order.

the plaintiff to 'allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result.'" *Id.* at 828 (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)).

In the instant case, the Plaintiff has met the pleading requirements. In her Complaint, the Plaintiff alleges:

> On June 2, 2017 Plaintiff was summarily discharged by Defendants for the trivial conduct of viewing a three minute security tape . . . . The reason for the discharge was Defendants' continuing discrimination against Plaintiff for being gay and in retaliation for her complaint two years earlier in this court which forced Lake County Government to rehire her and pay her damages.

Second Am. Compl. ¶¶ 22, 23. These allegations meet the pleading requirements laid out by the Seventh Circuit as the Plaintiff has alleged that she was terminated by the Defendants (including Defendant Lake County Government) on the basis of her sex and sexual orientation and that she was terminated by the Defendants (again, including Defendant Lake County Government) for bringing a discrimination lawsuit, a statutorily protected activity. Of course, the Plaintiff includes a great deal of additional detail concerning her employment, the events leading up to her termination, and the termination itself; however, nothing beyond the allegations quoted above are required to give Defendant Lake County Government fair notice and meet the pleading requirements. For that reason, Defendant Lake County Government's motion cannot be granted on this basis.

**2.** **_The Plaintiff has Successfully Pled that the Defendants Are Employers for the Purpose of Title VII_**

A Title VII plaintiff must, ultimately, prove an employer-employee relationship to succeed on her claim. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). The Plaintiff has, in her Complaint and through exhibits attached to her opposition brief, provided sufficient facts and details to demonstrate that the existence of an employer-employee relationship between herself and any of the Defendants is plausible. *See Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015) ("After all, nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects be able to prove."). As such, the Plaintiff has met her pleading requirements.

The Plaintiff on several occasions pleads, at least implicitly, that the Defendants were her employers. For example, the Plaintiff alleges that she "was an employee of Defendants," Second Am. Compl. ¶ 7, that "[f]or nearly 30 years, beginning in February of 1987, she worked in successively more responsible positions for Defendants at the Lake County Juvenile Detention Center," *id.* ¶ 16, and that she was terminated by the Defendants, *id.* at ¶¶ 22, 23, 24, 27.[2] In addition to these allegations, the Plaintiff has provided several exhibits further illustrating the plausibility of an employer-employee relationship.

First, the Plaintiff has provided her Letter of Termination, which states "Your employment with the Lake County Superior Court, Juvenile Division has been terminated effective Friday, June 2, 2017." Letter of Termination, ECF No. 44–1. The Plaintiff also provided a Lake Superior Court Juvenile Division Employee Handbook, which includes an Acknowledgement of Receipt signed by the Plaintiff. Employee Handbook 2, ECF No. 44–2. The Acknowledgement of Receipt also refers to the Plaintiff as "an employee of the Lake

---

[2] The Plaintiff is permitted to plead in the alternative, i.e. that all of the Defendants, one of the Defendants, or any subset of the Defendants were her employer. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

County Superior Court, Juvenile Division." *Id.* Further, the Employee Handbook indicates that "[t]he Lake County Superior Court, Juvenile Division is a component of the Judicial Branch of Government which is led by Senior Judge Thomas P. Stefaniak, Jr." and that "[t]he Senior Judge has jurisdiction over . . . all staff employed by the Juvenile Division." *Id.* at 3–4. Finally, the Plaintiff has included a Settlement and Release Agreement which states that Plaintiff "was an employee of Lake County until her employment terminated effective on or about October 17, 2014." Settlement and Release Agreement 1, ECF No. 44–4. In this Agreement, "Lake County further agree[d] to re-employ [the Plaintiff] in the position of Compliance Training Officer." *Id.*; *see also* Second Am. Compl. ¶ 20.

The Plaintiff's Complaint, when considered in conjunction with the documents described above, illustrates the plausibility of an employer-employee relationship between the Defendants and herself. In addition, the Plaintiff's Complaint does not include any allegations that would, by definition, preclude the Defendants from being Title VII employers, i.e. that the Defendants employed fewer than fifteen employees. Therefore, the Court must accept these well-pleaded allegations to be true and concludes that the Plaintiff has satisfied the Rule 8 pleading requirements.

In their briefings, the Defendants each set forth an argument as to why a Title VII claim is improper, by definition, due to the parties involved. Defendant Lake County Government argues that a Title VII claim is improper because, pursuant to Indiana law, it is not the Plaintiff's employer. The State Defendants argue a Title VII claim is improper because neither State Defendant is the Plaintiff's direct employer and the Plaintiff is unable to allege facts that otherwise support a Title VII claim. Finally, Defendant Thomas P. Stefaniak, Jr. argues that Title VII does not permit individual liability. For the reasons set forth below, each Defendant attempts

to hold the Plaintiff to a higher standard than is required at this point in the proceedings. Indeed, many of the arguments asserted would be, perhaps, more appropriately advanced in a motion for summary judgment or during a closing argument at trial. None of the Defendants' arguments establish, through case law, statute or otherwise, that they, by definition, cannot be a Title VII employer. As such, their arguments do not support dismissal of the Plaintiff's claims.

i.      *Defendant Lake County Government*

Defendant Lake County Government contends that Indiana law limits its authority over the Plaintiff and, therefore, it is not her employer under Title VII. This Court and the Seventh Circuit considered a similar issue in *Harris v. Allen County Board of Commissioners*. In *Harris*, the plaintiff sued the Allen County Board of Commissioners and the Allen County Superior Court for alleged violations of the Americans with Disabilities Act. *Harris v. Allen Cty. Bd. of Comm'rs.*, 890 F.3d 680, 681 (7th Cir. 2018). At the district court level, this Court found that the Allen County Board of Commissioners was not the plaintiff's employer for the purposes of the Americans with Disabilities Act and granted the Board's motion for summary judgment. *Harris v. Allen Cty. Bd. of Comm'rs.*, No. 1:15-CV-217, 2017 WL 1365349, at *7 (N.D. Ind. Apr. 14, 2017) (Springmann, J.). On appeal, the Seventh Circuit considered whether the plaintiff established that an employer-employee relationship existed, noting that "[a]n employer-employee relationship is likely to exist '[i]f an employer has the right to control and direct the work of the individual.'" *Harris*, 890 F.3d at 683–84 (quoting *Love*, 779 F.3d at 703 (alteration in original). In making its determination, the Seventh Circuit examined Indiana law and determined:

> Indiana law generally authorizes juvenile courts to "establish juvenile detention and shelter care facilities for children." Ind. Code § 31-31-8-3(a) (2009); *see also* § 31-31-8-2 (detailing the criteria for juvenile detention facilities). If the court chooses to establish the juvenile facility, the judge must appoint staff and

> determine budgets. § 31-31-8-3(c). The county must pay all expenses for the
> detention facility from the county's general funds. § 31-31-8-3(d). Additionally,
> Indiana law specifically authorizes the Allen Superior Court to hire the juvenile
> facility personnel it believes necessary, and requires that personnel "perform
> duties as are prescribed by the court" and "serve at the pleasure of the court." Ind.
> Code § 33-33-2-14(a), (c) (2008).

*Id.* at 681. Ultimately, the Seventh Circuit affirmed this Court's prior ruling by concluding that the plaintiff had not established that the Allen County Board of Commissioners was his employer because, among other things, "[p]ursuant to Indiana's statutory scheme, the Board of Commissioners had very little, if any, authority to control [the plaintiff's] employment." *Id.* at 686.

Defendant Lake County Government cites *Harris* because the statutes examined in the case also apply to Lake County Superior Court and Lake County Juvenile Detention Center. Indeed, there is a nearly identical statute authorizing the senior judge and Lake County Superior Court to appoint personnel believed to be necessary and requiring the appointed personnel to "serve at the pleasure of the senior judge." Ind. Code § 33-33-45-12; *cf. Harris*, 890 F.3d at 681.

There is, however, a significant difference between *Harris* and the instant case: the stage of the proceedings. In *Harris*, the defendant moved for summary judgment. 890 F.3d at 681. In the instant case, of course, discovery has not started and the Defendants have moved to dismiss pursuant to Rule 12(b)(6). Therefore, the analysis the Court must undertake to determine whether the Plaintiff's claims survive is different from the analysis conducted in *Harris.*

In *Harris*, the Seventh Circuit did not conclude that Indiana counties are not employers for the purposes of Title VII as a matter of law. Rather, the court held that the plaintiff had not met his burden of "establishing an employment relationship between himself and the Allen County Board of Commissioners." *Harris*, 890 F.3d at 686. Based on this holding, the Plaintiff, to ultimately be successful on her claim against Defendant Lake County Government, must

prove the existence of an employment relationship between herself and the county. However, the law does not require the Plaintiff to have fulfilled her burden of proving that such a relationship existed at this point in the proceedings; therefore, Defendant Lake County Government's argument is premature. As such, Defendant Lake County Government's Motion cannot be granted on this basis.

*ii.*        *State Defendants*

The State Defendants contend that the Plaintiff's Title VII claim must be dismissed because the Plaintiff failed to expressly plead that she was an employee of the State Defendants or state any other facts that would support a conclusion that either of the State Defendants were her direct employer under Title VII. The State Defendants also contend that the Plaintiff has not alleged facts establishing that either of the State Defendants were her indirect employer.

The Defendant's contentions are contrary to the plain language of the Plaintiff's Complaint. The Plaintiff on several occasions pleads that she was an employee of the State Defendants. For example, the Plaintiff alleges that she "was an employee of Defendants," Second Am. Compl. ¶ 7, that "[f]or nearly 30 years, beginning in February of 1987, she worked in successively more responsible positions for Defendants at the Lake County Juvenile Detention Center," *Id.* ¶16, and that she was terminated by the Defendants, *Id.* at ¶¶ 22, 23, 24, 27. Because the Plaintiff has clearly pled that the State Defendants were her employers she had met her pleading obligations. Furthermore, whether the State Defendants were direct or indirect employers is irrelevant at this stage in the proceedings.

Moreover, the proposition that neither of the State Defendants were the Plaintiff's employer appears to be contrary to Indiana law. As previously stated, "[a]n employer-employee relationship is likely to exist '[i]f an employer has the right to control and direct the work of the

individual." *Harris*, 890 F.3d at 683–84 (quoting *Love*, 779 F.3d at 703 (alteration in original)).

Indiana law, as it relates to the Lake County Judiciary, permits both the senior judge and Lake

County Superior Court to appoint personnel they believe are necessary and requires that

appointed personnel "serve at the pleasure of the senior judge," Ind. Code § 33-33-45-12. As

such, the authority to hire, control, and direct the work of juvenile facility personnel belongs to

the senior judge and/or Lake County Superior Court. *Id.*; *see also Harris*, 890 F.3d at 684

("Under Indiana's statutory scheme, the Allen County Board of Commissioners had little, if any,

authority to control Harris's employment. Instead, the control of Harris's hiring, firing, day-to-

day duties, and salary was statutorily delegated to the Allen Superior Court." (citing Ind. Code

§ 31-31-8-3 (2009); § 33-33-2-14 (2008))).

The Plaintiff identifies this statutory arrangement in her Complaint, where she pleads that

"Defendant, the Juvenile Division of the Superior Court of Lake County, Indiana was created

and is authorized under the laws of the State of Indiana" and "has [the] authority to operate the

Lake County Juvenile Detention Center." Second Am. Compl. ¶ 9 (citing Ind. Code § 31-31-8-

3(a)). The State Defendants also seem to be aware of this statutory arrangement, as demonstrated

by their briefing. Br. Supp. State Defs.' Mot. Dismiss 6, ECF No. 33 ("Moreover, in Indiana,

judicial employees are employed by the courts and not by judicial officers personally."). The

Plaintiff has successfully pled that the State Defendants were her employers, and the State

Defendants are unable to establish that they, by case law, statute, or otherwise at this stage of the

proceedings, cannot be considered Title VII employers. As such, the State Defendants'

arguments do not support dismissal of the Plaintiff's claim.

iii.        *Defendant Thomas P. Stefaniak, Jr.*

Defendant Thomas P. Stefaniak, Jr. contends that the Plaintiff cannot bring a Title VII claim against him because Title VII does not permit individual liability. Indeed, as the Seventh Circuit has expressly held that "under Title VII there is no personal liability for an individual defendant who is not [himself or herself] the 'employer.'" *Toran v. Bzdawka*, 72 F. App'x 457, 461 (7th Cir. 2003) (citing *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998)). This legal principle alone, however, does not establish as a matter of law that Defendant Thomas P. Stefaniak, Jr. was not the Plaintiff's employer in this case.

Defendant Thomas P. Stefaniak, Jr. also argues that "in Indiana, judicial employees are employed by the courts and not by judicial officers personally." Br. Supp. State Defs.' Mot. Dismiss 5 (citing *Matter of Madison County Probation Officers' Salaries*, 682 N.E.2d 498, 501 (Ind. 1997)). To support this argument, Defendant Thomas P. Stefaniak, Jr. relies on an Indiana Supreme Court opinion, which explains that "[t]he court has inherent and constitutional authority to employ necessary personnel with which to perform its inherent and constitutional functions . . . ." *Matter of Madison County Probation Officers' Salaries*, 682 N.E.2d at 501 (quoting *Noble Cty. Council v. Indiana ex rel. Fifer*, 125 N.E.2d 709, 714 (Ind. 1955)). Notably, the cited case is not a Title VII case. *Id.* Further, it does not hold that judicial employees cannot be employed by judicial officers. *Id.*

The Plaintiff clearly pled that Defendant Thomas P. Stefaniak, Jr. was her employer and Defendant Thomas P. Stefaniak, Jr. has cited no authority that would preclude him from being considered a Title VII employer. Indiana law permits both the senior judge and Lake County Superior Court to appoint personnel it believes necessary and requires that personnel "serve at the pleasure of the senior judge," Ind. Code § 33-33-45-12; however, it does not indicate whether

the judge or the court is the employer. As such, Defendant Thomas P. Stefaniak, Jr. has failed to establish, by case law, statute, or otherwise at this stage of the litigation, that he cannot be considered a Title VII employer. As such, his Motion cannot be granted on this basis.

**3.      *The Plaintiff has Successfully Pled that She Is an Employee Under Title VII***

The State Defendants argue that, even if they are the Plaintiff's employer, she is exempt from coverage under Title VII because she is not an employee. Specifically, the State Defendants argue that the Plaintiff is an appointee and Title VII's definition of employee excludes "any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f).

As previously stated, Indiana law permits both the senior judge and Lake County Superior Court to *appoint* personnel it believes necessary; therefore, the State Defendants' contention that the Plaintiff is an appointee appears to be correct. *See* Ind. Code § 33-33-45-12. However, not all appointees fall outside of Title VII's definition of employee; rather, an appointed individual is not an employee for the purpose of Title VII only if "the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementations." *Americanos*, 74 F.3d at 141 (quoting *Heideman v. Wirsing*, 7 F.3d 659, 663 (7th Cir. 1993)).

As pointed out by the Defendants, there are some positions that are understood to involve meaningful input into governmental decision making, such as deputy attorney generals and probation officers. *See Americanos*, 74 F.3d at 144; *O'Reilley v. Montogomery Cty.*, No. 102-

16

CV-1242, 2003 WL 23101795, at *10 (S.D. Ind. Feb. 24, 2003). However, the Plaintiff's Complaint indicates that she was the Assistant Director of Detention, not a deputy attorney general or a probation officer. Second Am. Compl. ¶ 20. The Court is unaware of any case establishing that such a position necessarily involves meaningful input into governmental decision making. The Defendants cite *Collins v. Cook County* in an attempt to establish that the Plaintiff's position involves policy making decisions. Br. Supp. State Defs.' Mot. Dismiss 7. Specifically, the Defendants argue that, in *Collins*, the district court held that the Director of Training at the Cook County Juvenile Temporary Detention Center was not an employee under Title VII. *Id.* Such a holding might be persuasive; however, that was not the holding of the Northern District of Illinois. In *Collins*, the district court explained that:

> Applying that doctrine, Collins would fall under the exclusion to the definition of employee if her position was one that required complete political loyalty, involved the making of policy and the exercise of political judgment, required giving political advice to a superior, or provided access to the political superior's confidential, sensitive thoughts. *See Riley v. Blagojevich*, 425 F.3d 357, 359 (7th Cir.2005) . . . . However, Collins has identified other evidence that, if believed, supports her argument that she did not develop policy . . . . Accordingly, Collins has identified disputed questions of fact over whether she fell under § 2000e(f)'s exception to the definition of employee under Title VII, which is all she needed to do in order to survive Cook County's motion for summary judgment on this issue.

*Collins v. Cook County*, No. 06-CV-66551, 2008 WL 4925009, at *4–5 (N.D. Ill. Nov. 14, 2008).

The holding in *Collins* confirms that whether a position involves meaningful input into governmental decision making can be fact sensitive. Indeed, at this stage of the proceedings, the Court is only vaguely aware of what the Plaintiff's position entailed; thus, it is impossible to determine whether her position involved any governmental decision making that would exempt her from Title VII coverage. As such, the State Defendants' Motion cannot be granted on this basis.

17

**B.      Plaintiff's Defamation Claims**

The Indiana Tort Claims Act (ITCA) "operates as an unequivocal statement of Indiana's consent to be sued in tort provided certain qualification—including notice—are fulfilled." *Brown v. Alexander*, 876 N.E.2d 376, 380 (Ind. Ct. App. 2007) (quoting *Oshinski v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536, 544 (Ind. Ct. App. 2006)). That is, "[u]nder the [ITCA] a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision and (2) the Indiana political subdivision risk management commission within one hundred eighty days after the loss occurs." *Walker v. City of East Chicago*, No. 2:16-CV-367, 2017 WL 4340259, *10 (N.D. Ind. Sept. 29, 2017) (citing Ind. Code § 34–13–3–8). "Merely filing a complaint is insufficient notice under the ITCA." *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 876 (N.D. Ind. 2003) (citing *Kantz v. Elkhart Cty. Highway Dep't*, 701 N.E.2d 608, 616 (Ind. Ct. App. 1998)). If "a plaintiff fails to give the required notice, the defendant has an affirmative defense of noncompliance, which must be raised in a responsive pleading to the plaintiff's complaint." *Brown*, 876 N.E.2d at 383–84 (citing *Thompson v. City of Aurora*, 325 N.E.2d 839, 843 (Ind. 1975); *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999)).

The Defendants all argue that the Plaintiff's defamation claim cannot proceed because she has failed to comply with the ITCA's notice requirement. However, the Plaintiff pled that she "has complied with all statutory prerequisites to filing this action," Second Am. Compl. ¶ 11, which the Court has no reason to believe excludes the ITCA notice requirement. Further, failure to provide notice is an affirmative defense, *Brown*, 876 N.E.2d at 383–84, and "[c]omplaints cannot be dismissed for failing to anticipate an affirmative defense," *Bledsoe v. Medtronic, Inc.*, No. 2:18-CV-133, 2020 WL 43107, at *5 (N.D. Ind. Jan. 3, 2020) (citing *Xechem, Inc. v. Bristol-*

*Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). "Only when the plaintiff pleads [herself]
out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint
that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc.*, 372 F.3d at 901
(citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002)). As the Plaintiff has clearly alleged
that she "complied with all statutory prerequisites," Second Am. Compl. ¶ 11, she has not pled
herself out of court. As such, the Court must deny the Defendants' Motions regarding the
Plaintiff's defamation claim.

## C.   Judicial Estoppel

Both the Plaintiff and the State Defendants request that the Court invoke the doctrine of
judicial estoppel. The Plaintiff contends that Defendant Lake County Government should be
judicially estopped from arguing that it is not her employer, and the State Defendants contend
that the Plaintiff should be judicially estopped from opposing their dismissal from this case.

In *New Hampshire v. Maine*, the Supreme Court explained:

> Courts have observed that the circumstances under which judicial estoppel may
> appropriately be invoked are probably not reducible to any general formulation of
> principle. Nevertheless, several factors typically inform the decision whether to
> apply the doctrine in a particular case: First, a party's later position must be
> clearly inconsistent with its earlier position. Second, courts regularly inquire
> whether the party has succeeded in persuading a court to accept that party's earlier
> position, so that judicial acceptance of an inconsistent position in a later
> proceeding would create the perception that either the first or the second court
> was misled. Absent success in a prior proceeding, a party's later inconsistent
> position introduces no risk of inconsistent court determinations, and thus poses
> little threat to judicial integrity. A third consideration is whether the party seeking
> to assert an inconsistent position would derive an unfair advantage or impose an
> unfair detriment on the opposing party if not estopped.

532 U.S. 742, 750-51 (2001) (internal citations and quotation marks omitted). Ultimately,
judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Id.* at 750
(quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). By analyzing these factors the
Court has concluded that judicial estoppel is not warranted.

### 1.      *Judicial Estoppel of the Defendants*

In her Response to Defendant Lake County Government's Motion to Dismiss and Supplemental Response in Opposition to State Defendants' Motion to Dismiss [ECF No. 44], the Plaintiff stated that "Defendants should be judicially estopped from asserting a position that is clearly contrary to their previously stated position." Pl.'s Resp. in Opp'n to Mot. Dismiss and Suppl. Resp. to State Defs.' Mot. Dismiss 3, ECF No. 44. It is unclear based on the context of the entire paragraph whether the Plaintiff is referring to Defendant Lake County Government or all of the Defendants. Based on the Court's analysis above, dismissal of the Defendants is improper on other grounds; therefore, the Court need not decide whether judicial estoppel applies to the Defendants. The Plaintiff may renew this argument in later briefings, if appropriate.

### 2.      *Judicial Estoppel of the Plaintiff*

The State Defendants argue that the Plaintiff has taken contradictory positions regarding their dismissal, which demands they be dismissed from this case. In the Plaintiff's original Response to the State Defendants' first Motion to Dismiss, which was filed before leave to file the Second Amended Complaint was granted, the Plaintiff stated that "[a]ll Parties now agree that the only necessary Defendant in this matter is the Government of Lake County . . . and that the complaint should be amended to replace [the State Defendants] with the Government of Lake County as the named Defendant," Pl.'s Resp. to Mot. Dismiss ¶ 6, ECF No. 35. The Plaintiff also stated that "[t]his [Joint Motion to Amend Complaint by Interlineation] would result in the removal of [the State Defendants] with prejudice as Defendants." *Id.* at ¶ 7. However, in the Plaintiff's Response to the instant motions , the Plaintiff states that she "was mislead about the County's intentions in the Joint Motion and therefore withdraws its suggestion that the State

Defendants may be dismissed." Pl.'s Resp. in Opp'n to Mot. Dismiss and Suppl. Resp. to State Defs.' Mot. Dismiss 3, ECF No. 44.

The State Defendants argue that the Plaintiff's attempt to withdraw her suggestion is "clearly inconsistent with her earlier position, and she successfully persuaded the Court [to grant] her leave to file a second amended complaint on the basis of her earlier position." Reply in Supp. State Defs.' Renewed Mot. Dismiss ¶ 5, ECF No. 46. The State Defendants further argue that the Plaintiff's "change of position would unfairly prejudice the State Defendants because they relied on her representations about dismissal in not opposing the *Joint Motion to Amend Complaint by Interlineation*." *Id.* at ¶ 6.

The Court does recognize that the two positions taken by the Plaintiff *could* be viewed as inconsistent. For the purposes of this analysis, the Court will assume the positions are inconsistent. [3] However, judicial estoppel is unwarranted because the Plaintiff's "inconsistencies" had no impact on the judicial proceeding.

First, the Court was never persuaded by the Plaintiff's suggestion that the State Defendants could be dismissed. Since the date that the Plaintiff filed her original Response to the State Defendants' first Motion to Dismiss [ECF No. 35], the Court has issued three orders: the Order on March 4, 2019 [ECF No. 36], which granted the Joint Motion to Amended Complaint by Interlineation [ECF No. 34], the Order on March 28, 2019 [ECF No. 41], which granted the Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss [ECF No. 40], and the Order on May 1, 2019 [ECF No. 47], which reassigned this case from Judge

---

[3] The Court is not entirely convinced that the positions taken by the Plaintiff are inconsistent. The Plaintiff said that the State Defendants could be dismissed because all parties agreed that the correct defendant was Lake County Government. The Court interprets the Plaintiff's complicity to the State Defendant's dismissal as being contingent upon Lake County Government's status as a Defendant, which Defendant Lake County Government is currently opposing.

Joseph S. Van Bokkelen to Chief Judge Theresa L. Springmann. In these Orders the Court never suggested that it viewed the State Defendants as nonessential, nor did it dismiss the State Defendants from the lawsuit. Further, the Court would have issued the Orders even if the Plaintiff had never taken the position that the State Defendants could be dismissed.

Second, the State Defendants would not suffer an unfair detriment if the Court were to continue the proceedings without invoking judicial estoppel. The State Defendants contend that they have been prejudiced because "they relied on [the Plaintiff's] representations about dismissal in not opposing the *Joint Motion to Amend Complaint by Interlineation*." Reply Supp. State Defs.' Renewed Mot. Dismiss ¶ 6. The purpose of the Joint Motion to Amend Complaint by Interlineation [ECF No. 34] was to amend the Complaint by switching the name of Defendant Lake County Juvenile Detention Center to Lake County Government. Mar. 4, 2019 Order, ECF No. 36. It is difficult for the Court to imagine how the State Defendants were prejudiced by this amendment. Furthermore, the State Defendants did not indicate if and how they would have opposed the Motion if the Plaintiff had not made the representations regarding the dismissal of the State Defendants. For these reasons, the Court concludes that the State Defendants have not been prejudiced.

The purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process. *New Hampshire*, 532 U.S. at 749. In the instant case, the Court concludes that the best way to preserve the integrity of the judicial process is by declining to invoke the doctrine. *See Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 915 (7th Cir. 2005) ("In sum, the defendants' arguments, though facially inconsistent, were not an attempt to play 'fast and loose' with the court, and thus the broad antifraud purpose of judicial estoppel does not come into play here."); *In re Chambers Dev. Co., Inc.*, 148 F.3d 214, 229 (3d Cir. 1998) (explaining that the doctrine of

judicial estoppel "will not apply where inconsistent positions are asserted in good faith or through inadvertence").

**D.      Waiver**

The Defendants have also asserted that the Plaintiff has not responded to certain arguments and, therefore, she should be deemed to have ceded to the Defendants and the Court should grant the Defendants' Motions. Specifically, the State Defendants assert that the Plaintiff has not responded to their arguments regarding her Section 1981 claim and her defamation claim. Defendant Lake County Government contends that the Plaintiff has not responded to any of its arguments.

The Defendants are correct that the Plaintiff has, for whatever reason, not responded to every argument advanced in their briefs. However, the Court is under no obligation to rule in the Defendants' favor simply because the Plaintiff has not responded to an argument raised by the Defendant. If such an obligation existed, litigation would become nothing more than raising every argument imaginable with the hope that opposing counsel would fail to respond to at least one.

The Plaintiff herself admits that her reference to Section 1981 was inadvertent. Therefore, the Court will strike any references to Section 1981 in the Plaintiff's Complaint. However, the Court is unwilling to dismiss the Plaintiff's other claims based on the Defendants' contentions of waiver or concession. Based on the Court's analysis above, the Defendants' arguments are not supported by the law and the Plaintiff's lack of response does not change the Court's analysis.

**CONCLUSION**

For the reasons stated above, the Court DENIES Defendants Lake County Superior Court and Thomas P. Stefaniak, Jr.'s Motion to Dismiss [ECF No. 42] and DENIES Defendant Lake

County Government's Motion to Dismiss Complaint [ECF No. 38]. The Court DENIES as moot the earlier filed Motion to Dismiss [ECF No. 32]. The Court STRIKES any references to Section 1981 in the Plaintiff's Second Amended Complaint.

        SO ORDERED on May 20, 2020.

                                  s/ Theresa L. Springmann
                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT